UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRUCE HARRIS** | * | **CIVIL ACTION NO: 18-268** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:  CARL BARBIER** |
| **ABC INSURANCE COMPANY,** | * | |
| **AMERICAN COMMERICAL BARGE** | * | **MAG. JUDGE: JANIS van MEERVELD** |
| **LINE, LLC AND LESLIE AUBERT** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**</u>

**MAY IT PLEASE THE COURT:**

This claim was originally removed based on unfounded assertions of improper joinder. Plaintiff now moves for remand to the 23rd Judicial District Court for the Parish of St. James on the grounds that this Honorable Court lacks subject matter jurisdiction over this action. While American Commercial Barge Line, LLC removed this matter on the basis of diversity jurisdiction subject to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq*, it is clear on the face of plaintiff's petition for damages that no such jurisdiction exists because defendant, Leslie Aubert, is a Louisiana resident.  American Commercial Barge Line acknowledges as much in its notice of removal.

American Commercial Barge Line argues that defendant Leslie Aubert was improperly joined as a defendant to this action pursuant to <u>Griggs v. State Farm Lloyd's, Inc.</u>, 181 F.3d 694, 699 (5th Cir. 1999). In order to prove improper joinder, the removing party bears the burden of establishing either (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. <u>Kemp v. CTL Distribution</u>, 440 Fed. Appx. 240, 244 (5th Cir. 2011).

In this instance, American Commercial Barge Line has not put forth any evidence that plaintiff made any fraudulent jurisdictional assertions in his petition; accordingly, American

Commercial Barge Line must show that there is no possibility that plaintiff can establish a cause of action against defendant, Leslie Aubert, in order to avoid remand. As discussed more fully below, American Commercial Barge Line is unable to make such a showing because plaintiff can, in fact, properly maintain a cause of action against Mr. Aubert based on his duties, responsibilities and negligence in carrying out those duties and responsibilities, including maintaining safety.

## I.   LAW AND ARGUMENT

### A. LAW OF REMOVAL

A district court must remand a case to state court if, at any time before final judgment, it appears that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(C). The removal statute is strictly construed. Sea Robin Pipeline Co. v. New Medico Head Clinic Facility, 1995 WL 479719 at *1 (E.D. La. Aug. 14, 1995) (Clement, J.). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); see also Berthelot v. Boh Bros. Const. Co., LLC, 2006 WL 1984661 at *6 (E.D. La. June 1, 2006) (Duval, J.). "A party invoking the removal jurisdiction of the federal courts bears a heavy burden." Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996). "If the right to remove is doubtful, the case should be remanded." Berthelot, 2006 WL 1984661 at *6. Any doubts regarding whether removal jurisdiction is proper should be resolved in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir.2000).

### B. LAW OF FRAUDULENT/IMPROPER JOINDER

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root

Inc., 200 F.3d 335, 339 (5th Cir.2000). As a result, all disputed questions of fact and ambiguities of state law must be resolved in favor of the non-moving party. Turner v. Murphy Oil USA, Inc., CIV.A. 05-4206, 2007 WL 4233676 (E.D. La. Nov. 28, 2007).

> Where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of providing that claimed fraud… To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is **no possibility** that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of act and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has **any possibility of recovery** against the party whose joinder is questioned.

Id. (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir. 1992)) (emphasis added). The Fifth Circuit has further stated, "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a **possibility** that the plaintiff might do so." Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995) (emphasis added).

Accordingly, American Commercial Barge Line must demonstrate that there is **no possibility** that plaintiff has a **cause of action** (as opposed to a recoverable claim) against Leslie Aubert in order for its removal to be proper; any doubt or ambiguity must be resolved in favor of the non-removing party, in this case, plaintiff. The question of whether the plaintiff may eventually prevail in his claims against Leslie Aubert is not before this Honorable Court at this time – only whether the possibility exists that plaintiff may have a cause of action against Leslie Aubert.

### C. LESLIE AUBERT MAY BE LIABLE FOR DAMAGES SUFFERED BY PLAINTIFF

Louisiana and Fifth Circuit jurisprudence is replete with cases where managers and/or were found to be properly joined defendants in lawsuits. Because the threshold for establishing "proper joinder" is low – requiring only a showing that plaintiff may be able to maintain a cause of action

against the defendant – both the Fifth Circuit and the Eastern District have remanded a number of cases with nearly identical facts to the case at bar.

In Hornsby, the district court was faced with a situation in which the plaintiff had added the manager of the plant as a defendant for an incident occurring at the plant. Hornsby v. Allied Signal Inc., 961 F. Supp. 923, 928 (M.D. La. 1997). The court stated that "it was important to determine whether the plant manager delegated the responsibility of safe maintenance and operation with due care to others"; and "whether the plant manager was aware or should have been aware of a risk of harm." Id.

These considerations expressed by the Middle District are clearly present in plaintiff's petition. For example, plaintiff alleges:

6.

Additionally, the aforementioned accident was caused by the negligence of **LESLIE AUBERT**, the supervisor on duty at the time of the accident, for the following actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises at the time of the accident. Accordingly, said defendant is liable to your petitioner:

- a) Failure to properly maintain the property;
- b) Failure to adequately inspect the property;
- c) Failure to implement policies and procedures for maintaining and inspecting the property;
- d) Negligently allowing petitioner to board the barge in question;
- e) Improper supervision and/or instruction;
- f) Having personal knowledge of the hazardous/dangerous condition and not remedying it; and
- g) Failing to take remedial measures to remedy the hazardous/dangerous condition.

Accordingly, plaintiff alleges that Leslie Aubert, who plaintiff believes was the manager on duty at the time of the incident, has certain duties with regard to safety, including, but not limited to the acts of negligence outlined above. Plaintiff concedes that fault may be shared by Leslie Aubert

and other individuals (whose identity plaintiff will acquire in written discovery); however, plaintiff clearly has a cause of action to proceed against Leslie Aubert stemming from the causes of action alleged in the petition for damages pursuant to Hornsby.

Eastern District judges abide by similar standards, and have held a plaintiff's claims against the manager of a facility with a personal duty are not "fraudulently joined" with the claims against the company. Amaya v. Holiday Inn New Orleans, 2011 WL 4344591 at *2 (B.D. La. Sept. 15, 2011) (J. Africk). In Amaya, the plaintiff sued a hotel and its general manager for a security breach that led to assault and battery upon the plaintiff. The defendant alleged that these were claims against the manager for "administrative duties" rather than personal duties owed to the plaintiff. In response, the plaintiff argued that the manager had personal knowledge of the security problems at the hotel and failed to act to remedy that danger. The plaintiff further made allegations of "the ways in which [the manager] failed to take necessary precautions that could have protected [the plaintiff]…" Based upon these allegations, the Court found that the manager "had personal knowledge and that he failed to act on that knowledge." Id. The Court ultimately held that "[a]n employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries under Canter." Id. As a result, the Court held that there was at least a possibility of recovery against the manager, and that the defendant failed to meet its "heavy duty to show that [the manager] was improperly joined." Id. Thus, the Court granted the Motion to Remand. Likewise in this instance, plaintiff has alleged actual knowledge on the part of Leslie Aubert of the hazardous and dangerous condition which led to plaintiff's accident.

In Creppel v. Apache Corp., 2004 WL 1920932 (E.D. La. Aug. 25, 2004) (J. Vance), a supervisor was again found to be a legitimate party in a negligence case, thereby defeating diversity. In Creppel, the trial court found that a form naming the individual as the "supervisor

who is responsible for the facility" is sufficient to show that the company delegated its duty of care to that individual. Id. The trial court further found that the supervisor could be personally at fault for failing to mark a well properly, for failing to "maintain and inspect the well," for failing "to take remedial measures to alleviate the dangers that the well created," and for failing to "implement procedures and policies for locating unmarked and unlit wells." Id. The court found that the supervisor would be potentially liable because he was "directly responsible for the safety of that well" and the supervisor "had personal knowledge of the dangerous condition of the well and he failed to remedy it." Id. The court stated emphatically that the individual supervisor will be liable "if he had personal knowledge of the danger and failed to cure the risk of harm." Id As a result, the court found that the supervisor was properly joined and remanded the matter to state court.

Further, the Fifth Circuit has held that managers and supervisors can be held individually liable under Louisiana law. Ford v. Elsbury, 32 F.3d 931,935-37 (5th Cir. 1994). If the supervisor is aware of the danger presented, the supervisor may be individually liable in addition to the company itself. Id. Where the manager has been made aware of the danger but fails to take the necessary measures within the plant to protect against those dangers, the manager may be subject to individual liability. Id. at 939.

In the case at bar, plaintiff made similar allegations based on the belief that the supervisor / manager was aware of the hazardous and dangerous condition that led to plaintiff's accident and injuries. It is clear that Leslie Aubert, as a supervisor / manager of American Commercial Barge Line, is directly involved with the safety of the individuals he allows to board the barges. Accordingly, his duty to those individuals is a "personal duty" to which negligence can apply. Thus, based on Eastern District and Fifth Circuit jurisprudence, that liability may attach to his

actions and Mr. Aubert is properly joined as a defendant. Any doubts or ambiguities must be resolved in plaintiff's favor. Accordingly, Remand is appropriate at this time.

## II. CONCLUSION

Plaintiff has affirmatively demonstrated that he will be able to maintain a cause of action against Leslie Aubert, a showing that goes one step further than mandated by jurisprudence, which requires only that plaintiff show the <u>possibility</u> that a cause of action exists. Doubts and ambiguities must be resolved in favor of the party seeking remand, in this case, plaintiff. Accordingly, Remand is the appropriate measure at this time as this Honorable Court lacks subject matter jurisdiction.

Respectfully submitted,

*/s/*

_____
**ANTHONY D. IRPINO (#24727)**
**BOBBY G. HAWKINS (#30546)**
**IRPINO AVIN & HAWKINS**
**LAW FIRM**
2216 Magazine St.
New Orleans, Louisiana 70130
Tel:    (504) 525-1500
Fax:    (504) 525-1501
airpino@irpinolaw.com
bhawkins@irpinolaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of February, 2018 a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system.  Notice of this filing will be sent to defendants by operation of the court's electronic filing system.

_____
**BOBBY G. HAWKINS**