# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE HARRIS JR. | CIVIL ACTION |
| VERSUS | No. 18-268 |
| ABC INSURANCE COMPANY, ET AL. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 9)** filed by Plaintiff, Bruce Harris, Jr., and an opposition thereto (Rec. Doc. 10) filed by Defendant, American Commercial Barge Line LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of a slip and fall accident on a barge located on the Mississippi River. Plaintiff alleges that on December 20, 2016, he slipped and fell on some ice while cleaning the deck of a barge owned by American Commercial Barge Line LLC ("ACBL"). Plaintiff contends that his injuries were caused by the negligence of ACBL and Leslie Aubert ("Aubert"), who Plaintiff alleges was the ACBL supervisor on duty at the time of the accident. In particular, Plaintiff alleges that ACBL and Aubert were "responsible for the set-up, upkeep, maintenance, and repair of the barge," and thus, "knew or should have known about the hazardous condition

on the vessel."[1] Plaintiff further alleges that ACBL and Aubert "failed to properly supervise and maintain the property free of defects and/or failed to properly warn him about said defects causing the accident at issue."[2] Accordingly, on December 14, 2017, Plaintiff filed suit in the 23rd Judicial District Court for the Parish of St. James, naming ACBL, Aubert, and ACBL's alleged fictitious insurer—ABC Insurance Company—as defendants.

ACBL removed this action to this Court on the basis of diversity jurisdiction. There is no dispute that Plaintiff and Aubert are both Louisiana citizens.[3] Although complete diversity appears to be lacking, ACBL asserts that Plaintiff improperly joined Aubert as a defendant in order to defeat diversity jurisdiction. Plaintiff, however, maintains that Aubert was properly joined in this case and therefore this Court lacks jurisdiction. Accordingly, Plaintiff filed the instant *Motion to Remand* **(Rec. Doc. 9)**, which ACBL opposes (Rec. Doc. 10). The motion is now before the Court on the briefs and without oral argument.

---

[1] (Rec. Doc. 1-2 at 3).
[2] *Id.*
[3] It is also undisputed that ACBL is a citizen of Delaware and Indiana. For the purposes of determining diversity of citizenship, a limited liability company is deemed to be a citizen of the state(s) of its member(s). *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ACBL's sole member is Commercial Barge Line Company, a Delaware corporation, which has its principal place of business in Indiana. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The Court, however, need not consider the citizenship of ABC Insurance Company in determining whether this matter was properly removed on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state[4] defendant will prevent removal, but an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id.* at 574. The Fifth Circuit has recognized two

---

[4] The term "in-state" is used to describe a defendant who is a citizen of the state where the action was brought, preventing removal under § 1441(b), as well as a defendant who would be nondiverse from a plaintiff, destroying diversity jurisdiction under § 1332(a).

3

ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant, which stated differently means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a nondiverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

4

**DISCUSSION**

The issue before the Court revolves entirely around the joinder of Aubert, who ACBL alleges was improperly joined. To show improper joinder, ACBL argues that no reasonable basis exists for Plaintiff to recover against Aubert under Louisiana law or general maritime law. The Court, upon a summary judgment inquiry into the record, concludes that ACBL is correct.

As the Fifth Circuit has recognized, "[t]he elements of a maritime negligence cause of action are essentially the same as land-based negligence" under Louisiana law. *Withhart v. Otto Candies, L.L.C.,* 431 F.3d 840, 842 (5th Cir. 2005). To establish a claim of negligence under maritime law, a plaintiff must demonstrate that (1) there was a duty owed by the defendant to the plaintiff; (2) the duty was breached; (3) the plaintiff suffered injury; and (4) a causal connection between the defendant's conduct and the plaintiff's injury. *In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 211 (5th Cir. 2010) (citing *Canal Barge Co. v. Torco Oil Co.,* 220 F.3d 370, 376 (5th Cir. 2000) (quotation omitted)). Similarly, in order to prevail on a negligence claim under Louisiana law, a plaintiff must prove the same duty, breach, harm, and causation elements. *See Duncan v. Wal-Mart Louisiana, L.L.C.,* 863 F.3d 406, 409 (5th Cir. 2017).

In order to meet its burden of establishing improper joinder, ACBL cites to Aubert's declaration. Aubert attests in his declaration that he has never been employed by ACBL in any capacity.[5] Aubert also attests that was not the supervisor

---

[5] (Rec. Doc. 10-1 at 1).

5

on duty at the time of Plaintiff's accident, and thus, was not responsible for the "set-up, upkeep, maintenance, or repair of the barge" on which Plaintiff was allegedly injured.[6] Finally, he attests that he (1) had no personal knowledge of any hazardous or dangerous conditions on the barge, (2) did not inspect the barge, (3) had no responsibility to inspect the barge, and (4) had no responsibility for remedying any condition on the barge on the date of the accident.[7] To find that Aubert was properly joined, there must be "a *reasonable basis* for predicting that the . . . law might impose liability on the facts involved." *Travis*, 326 F.3d at 648 (emphasis in original) (citation omitted). As the Fifth Circuit has emphasized, this possibility "*must be reasonable,* not merely theoretical." *Id.* (emphasis in original) (citation omitted). In this case, the crux of Plaintiff's negligence claim against Aubert hinges on Aubert's alleged supervisory role at ACBL. As such, Plaintiff contends that Aubert had a duty to maintain, inspect, and implement policies for maintaining and inspecting the barge on which Plaintiff was allegedly injured. Here, however, ACBL has presented evidence which establishes that Aubert was not a supervisor employed by ACBL, and therefore had no duty or obligation with respect to supervising the work being performed by Plaintiff. Plaintiff has offered nothing to refute ACBL's evidence. Accordingly, to the extent that Plaintiff has alleged that Aubert was an ACBL supervisor and, thus, owed him a duty of care under either general maritime law or Louisiana law, there is simply no evidence in the record which supports Plaintiff's theory. Therefore, the Court finds that ACBL has carried its burden of demonstrating

---

[6] *Id.* at 1-2.
[7] *Id.*

6

that there is no reasonable basis for predicting that Plaintiff might be able to recover against Aubert.

In sum, because the Court concludes that Aubert is improperly joined, the Court may therefore ignore Aubert's citizenship for the purpose of determining the existence of subject matter jurisdiction. The parties have asserted no other impediment to this Court's exercise of diversity jurisdiction, and the pleadings and notice of removal establish that diversity jurisdiction exists in this case. The motion to remand is therefore denied. For the same reasons that Plaintiff's motion to remand is denied, it is appropriate to dismiss Plaintiff's claims against Aubert.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 9)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Leslie Aubert are hereby **DISMISSED.**

New Orleans, Louisiana, this 24th day of August, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE